UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | |
|---|---|
| In Re:<br><br>**Lucille Long**<br>              **Debtor,** | : **Chapter 13**<br>: **Case No. 18-15750-ELF**<br>: |
| The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-OA11, Mortgage Pass-Through Certificates, Series 2007-OA11<br><br>          Movant,<br>v.<br>Lucille Long<br>          Debtor,<br>And<br>William C. Miller, Esquire<br>          Trustee,<br><br>          Respondent. | : Hearing: March 12, 2019<br>: Courtroom #1<br><br>: 11 U.S.C. §362(d)(1) |

**MOTION OF SRP 2010-6, LLC FOR RELIEF FROM THE AUTOMATIC
STAY AS TO CERTAIN REALTY KNOWN AS
152 HIRST AVE, LANSDOWNE, PA 19050**

I, _Carrie Dockter_, am a _Bankruptcy Case Manager_ for NewRez LLC d/b/a Shellpoint Mortgage Servicing servicer for The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-OA11, Mortgage Pass-Through Certificates, Series 2007-OA11, (hereinafter "Movant") have full knowledge of the above-captioned matter and I am fully qualified and authorized to make the following Certification in support of the within relief application on behalf of the Movant. This certification is based on the loan payment records of Shellpoint Mortgage Servicing. These records are regularly

maintained in the regular course of business and it is the regular practice to make and maintain these records. These records reflect the loan payments are noted in the records at the time of receipt by persons who regular duties include recording this information. I maintain these records and regularly use and rely upon them in the performance of my duties.

1. Movant is The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-OA11, Mortgage Pass-Through Certificates, Series 2007-OA11, (hereinafter "Movant"), and is the proper party in interest.

2. NewRez LLC d/b/a Shellpoint Mortgage Servicing is formerly known as New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing.

3. The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-OA11, Mortgage Pass-Through Certificates, Series 2007-OA11 reserves the right to foreclose.

4. On June 29, 2007, Lucille Long (hereafter "Debtor") executed a Note and Mortgage against the property known 152 Hirst Avenue, Lansdowne, PA 19050 in which Debtor is the title holder. (Please see Note, Mortgage and Assignment of Mortgage attached hereto and incorporated herein as Exhibit A.)

5. Said mortgage was assigned to the Movant on May 17, 2017, and said assignment of mortgage was recorded with the county on May 25, 2017, and is a matter of public record. (Please see Exhibit A.)

6. Debtor's Chapter 13 petition was filed on August 30, 2018.

7. The Debtor's pending chapter 13 plan provides for the debtor to cure the pre-petition arrears through the plan and to make post-petition payments directly to Movant.

8. The amount of the monthly post-petition payment due to Movant is $1,159.56.

9. To be current post-petition, the Debtor should have made six (6) payments of $1,159.56 each outside of the plan; totaling $6,957.36.

10. Since August 30, 2018, the Debtor has only made the following post-petition payments:

| Amount Received | Date Payment Received |
|---|---|
| $1,167.62 | 10/29/2018 |

11. Debtor is in default with five (5) payments outside the plan; October 1, 2018, November 1, 2018, December 1, 2018, January 1, 2019 and February 1, 2019.

12. The total post-petition delinquency outside the plan is **$5,789.74**
The amount is computed in the following manner:
5 payments (10/18-2/19) @ $1,159.56 less suspense balance of $8.06.

13. As of February 1, 2019, the unpaid principal balance is $91,507.21.

14. Pursuant to the foregoing, Movant contends that cause exists to grant it relief from the Automatic Stay. Accordingly, Movant is entitled to relief from the automatic stay under 11 U.S.C. §362(d)(1).

15. Movant has cause to have relief from the Automatic Stay effective immediately and such relief should not be subject to the fourteen day period set forth in Bankruptcy Rule 4001(a)(3), as Movant will incur substantial additional costs and expenses by the imposition of said fourteen day period.

16. In the event this Court should grant the relief requested, Movant should be relieved of the filing and notice requirements of FRBP 3002.1(b & c) as the mortgage claim would then be under the control of the Mortgagor

17. In addition, reasonable attorney fees and court filing costs will be incurred by Movant for representation in this matter.

18. The other Respondent is the Chapter 13 Trustee appointed in the above-captioned chapter 13 proceeding.

WHEREFORE, Movant respectfully requests that the Court enter an Order which grants it relief from the Automatic Stay along with all other relief the Court deems just and equitable under the circumstances.

I CERTIFY under penalty of perjury that the foregoing is true and correct.

Executed on 2-6-19.

Respectfully submitted,

BY: *[signature]*